**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**GEORGE NAGUIB,**

*Petitioner*,

v. Case No. 2:26-cv-03496-BCL-tmp

**U.S. DEPARTMENT OF HOMELAND SECURITY**; **MARKWAYNE MULLIN,** Secretary of the U.S. Department of Homeland Security**; CHRISTOPHER BULLOCK,** Director, New Orleans Field Office, U.S. Immigration And Customs Enforcement**; WARDEN PFEIFFER,** West Tennessee Detention Facility.

*Respondents*.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner George Naguib, an Egyptian national unlawfully present in the United States, has filed a Petition for Writ of Habeas Corpus in which he is challenging his detention pending removal from the United States. Doc 1. Petitioner's removal order provided for removal to Uganda. That Order became final on April 30, 2026, and Petitioner has been detained the entire time up to today. Doc. 7 at 1. Petitioner invokes *Zadvydas v. Davis*, 533 U.S. 678 (2001), in which the Supreme Court of the United States imposed an atextual presumptive limit on detention pending removal under 8 U.S.C. § 1231(a)(6):

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held

> in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

533 U.S. at 702.

Petitioner's argument thus has two steps. *First*, the presumptively permissible six-month period for detention pending removal expired on October 30, 2026.[1] *Second*, Petitioner contends that there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future because an outbreak of Ebola in Uganda has limited travel there. Doc. 1 at 1-2. Respondents do not dispute that removal to Uganda is unlikely in the reasonably foreseeable future, and in fact acknowledge that it "is on hold due to public health issues that have arisen in that country." Doc. 6 at 2. Nor do Respondents provide any evidence of the likelihood of removal—to anywhere—in the future.

Instead, as their sole argument, Respondents invoke the doctrine of prudential administrative exhaustion. They note that the Government filed a Motion to Reopen Petitioner's Removal Proceedings on November 10 (Doc. 6 at 2), and assert that "[o]nce Petitioner is placed back into removal proceedings, he will be detained under 8 U.S.C. § 1226 and allowed to request a bond hearing in immigration court." Doc. 6 at 4.

Under the regime created and imposed by the Supreme Court in *Zadvydas*—which the Court must follow despite its lack of textual basis—Respondents' argument fails. *First*, Petitioner is not currently detained under Section 1226 and there is no indication of when he might be detained under that statute. So, Petitioner does not currently have access to a bond proceeding based on detention under that statute—and he obviously cannot exhaust an administrative remedy to which he has no access. *Second*, under *Zadyvdas,* the Government has itself acknowledged the

[1] The Court denied Petitioner's earlier petition because the six-month initial period had not yet expired. Doc. 8, No. 26-03236 (W.D. Tenn. October 2, 2026).

circumstances creating "good reason to believe that there is no significant likelihood of removal [to Uganda] in the reasonably foreseeable future," it has not responded "with evidence sufficient to rebut that showing"—i.e., that there is a significant likelihood that removal to Uganda or somewhere else might nevertheless go forward in the reasonably foreseeable future." 533 U.S. at 702.

Based on binding precedent and Respondents' litigation choice, and in these circumstances, the Court must **GRANT** the Petition. Respondents **SHALL** immediately release Petitioner under reasonable conditions of supervision. This Order is **WITHOUT PREJUDICE** to Respondents' ability to re-detain Petitioner if circumstances materially change—e.g., due to an increased likelihood of removal in the reasonably foreseeable future, or because another statute allowing detention (such as Section 1226) has been triggered. Any legal challenges to such detention can be adjudicated when and if appropriate. But this litigation is at an end, and the Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 26th day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE